### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY WAYNE URYC, | : | |
| Petitioner, | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| SUPERINTENDENT CAMERON, *et al,* | : | No. 16-1527 |
| Respondents. | : | |

### MEMORANDUM

**KEARNEY, J.**                                                      **March 3, 2017**

A state court prisoner petitioning *pro se* for a writ of *habeas corpus* under 28 U.S.C. § 2254 raising a wide variety of challenges to the effectiveness of his earlier lawyers and evidence admitted in his state court trial must show his claims have some merit. We separately test the merits with appropriate deference to the Pennsylvania trial and appellate courts' rulings on the same issues. When, as here, he does not demonstrate merit or otherwise fails to show he exhausted newly raised claims in the state court, we must deny his petition for *habeas* relief.

### I.       Procedural History

The Lancaster County jury convicted Gary Wayne Uryc of two counts of involuntary deviate sexual intercourse, one count of incest, two counts of indecent assault, one count of corruption of minors, and two counts of felony intimidation of a witness.[1] On August 28, 2012, the Court of Common Pleas for Lancaster County imposed an aggregate sentence of thirty-two (32) to sixty-four (64) years in prison.[2] Mr. Uryc timely filed an appeal, and the Superior Court of Pennsylvania affirmed his judgment of sentence on March 4, 2014.[3] Mr. Uryc did not appeal to the Pennsylvania Supreme Court.[4]

Mr. Uryc timely filed a *pro se* post-conviction relief petition on October 6, 2014.[5] The post-conviction relief court appointed counsel to represent Mr. Uryc.[6] The appointed counsel

filed an amended petition seeking time credit for Mr. Uryc's period of incarceration between his arrest and his date of sentencing.[7] The appointed counsel then filed a "no merit" letter regarding the remaining claims in the petition and moved to withdraw.[8]

The post-conviction relief court granted Mr. Uryc credit for time served on December 10, 2014.[9] The post-conviction relief court issued notice of its intent to dismiss Mr. Uryc's petition without a hearing on February 11, 2015.[10] Mr. Uryc filed a response in opposition on February 23, 2015.[11] On March 10, 2015, the post-conviction relief court granted the counsel's motion to withdraw and dismissed the petition without a hearing.[12]

Mr. Uryc timely filed a *pro se* appeal.[13] The Pennsylvania Superior Court affirmed the post-conviction relief court's dismissal of his petition on November 10, 2015.[14] Mr. Uryc petitioned the Pennsylvania Supreme Court for allowance of appeal,[15] but then withdrew his petition and directed the Supreme Court to close the matter.[16] The Pennsylvania Supreme Court closed the matter on February 22, 2016.[17]   Mr. Uryc timely filed this *habeas* petition on March 10, 2016.[18]

**II.    Analysis**

Mr. Uryc presents five grounds for *habeas* relief. The first ground concerning a *Miranda* violation is meritless. The second ground concerns two claims regarding Mr. Uryc's recorded phone calls from prison. He first claims the Commonwealth violated the Pennsylvania Wiretapping Act in recording these phone calls and introducing them as evidence. This claim is not cognizable on federal *habeas* review. He also claims the Commonwealth violated his due process rights under the Fourteenth Amendment in recording these calls. This claim is procedurally defaulted. The third ground concerning ineffective assistance of counsel in failing to pursue these Wiretapping Act claims is meritless. The fourth ground concerning ineffective

2

assistance of counsel in failing to cross-examine the victim at trial is also meritless. The fifth ground concerning ineffective assistance of counsel in failing to challenge Mr. Uryc's sentence as excessive on appeal is also meritless.  In the accompanying Order, we deny Mr. Uryc's habeas petition.

### A. We deny Mr. Uryc's *Miranda* claim as meritless.

Mr. Uryc first argues the Pennsylvania Superior Court erred in rejecting his *Miranda* claim on his direct appeal.[19] His claim is meritless.

When Mr. Uryc arrived at the Lancaster County jail, he completed standard paperwork requesting an attorney to represent him.[20] The next day, two police officers visited him at the jail.[21] They administered the *Miranda* warning and presented him with a waiver to sign if he wished to speak with them.[22] Mr. Uryc reviewed the waiver and signed it.[23] He gave a lengthy statement to the police, and then revised the statement.[24] Mr. Uryc later filed a pre-trial motion to suppress these statements.[25] The court held a hearing and denied the motion.[26]

Mr. Uryc argues the police questioned him in violation of *Edwards v. Arizona*.[27] The Commonwealth argues *Edwards* is distinguishable, and the Superior Court found Mr. Uryc made a knowing, intelligent, and voluntary waiver of his *Miranda* rights under *Montejo v. Louisiana*.[28] We agree.

Mr. Uryc did not present an *Edwards* argument on direct appeal. In *Edwards*, the Supreme Court held "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights."[29] Mr. Uryc signed a form requesting an attorney when he entered the jail after his arrest. This form merely requested a lawyer's representation in the criminal proceeding. He did not ask

for counsel during the interview nor did he tell the police he had requested counsel before the interview.[30] Mr. Uryc has not shown he invoked his right to counsel during a custodial interrogation.[31] The teachings in *Edwards* do not apply to Mr. Uryc's claims.

The Pennsylvania Superior Court reviewed and denied Mr. Uryc's *Miranda* claim on direct appeal. The Pennsylvania Superior Court applied *Montejo* and found "[w]hen a defendant has received the *Miranda* warnings, the waiver is considered knowing and intelligent."[32] The Superior Court also found "[n]othing in the record indicates that Uryc's decision to waive his right to counsel was the product of coercion."[33] Because Mr. Uryc's waiver was knowing, intelligent, and voluntary under *Montejo*, "[t]he trial court did not err in refusing to suppress the statement."[34]

A state court's factual determinations are entitled to a highly deferential presumption of correctness absent clear and convincing evidence to the contrary.[35] The Superior Court determined the police did not violate Mr. Uryc's right to counsel because he knowingly, intelligently, and voluntarily waived his *Miranda* rights. Mr. Uryc cannot show by clear and convincing evidence these determinations are incorrect.

Under *Montejo*, a defendant may waive the right to counsel as long as the waiver is "voluntary, knowing, and intelligent."[36] The United States Supreme Court stated:

> "The defendant may waive the right whether or not he is already represented by counsel; the decision to waive need not itself be counseled.... And when a defendant is read his Miranda rights (which include the right to have counsel present during interrogation) and agrees to waive those rights, that typically does the trick[.]"[37]

The police read Mr. Uryc his *Miranda* rights, they checked off each of Mr. Uryc's answers on the form, and Mr. Uryc reviewed the waiver and signed it.[38] The circumstances do not suggest the police coerced Mr. Uryc into signing the waiver. The police remained seated throughout the interview, did not raise their voices, and described the interview at trial as "cordial."[39] The police

also allowed him to revise his statement.[40] Mr. Uryc voluntarily, knowingly, and intelligently signed the waiver. The Superior Court's application of *Montejo* is correct. Mr. Uryc's *Miranda* claim is meritless.

### B. Mr. Uryc's challenges to the trial court admitting recorded prison phone calls lacks merit.

Mr. Uryc asserts two claims regarding his recorded phone calls from prison. He first claims the Commonwealth violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act by recording these phone conversations and introducing them as evidence for the intimidation counts at trial.[41] He argues the trial court should not have allowed these recordings into evidence.[42] He also claims both his appellate counsel and his post-conviction relief counsel were ineffective for failing to pursue this issue during the direct appeal and post-conviction collateral proceedings.[43]

### 1.  Mr. Uryc's Pennsylvania Wiretapping Act and due process claims.

Mr. Uryc claims the police recorded his calls home from prison in violation of the Pennsylvania Wiretapping Act.[44] Mr. Uryc did not raise this claim on direct appeal.[45] Mr. Uryc presented this claim during his post-conviction proceedings as an ineffective assistance of counsel claim.[46] He presents it now as a straightforward challenge to the admission of the evidence. He also claims he has suffered a Fourteenth Amendment due process violation.[47] The Commonwealth argues "Petitioner's claim that the procedures of the Wiretap Act were violated fails to implicate any issue of federal law, and is accordingly not cognizable in a habeas corpus action."[48] The Commonwealth also argues the federal due process claim is procedurally defaulted.[49] We agree.

To prevail on a federal *habeas* petition, a petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States."[50] Under 28 U.S.C. § 2254, "a federal court may not issue the writ on the basis of a perceived error of state law."[51] While Mr. Uryc cites provisions of the federal Electronic Communications Privacy Act[52] in his *habeas* petition and claims "[t]he federal principles apply to state prisoners, as well,"[53] his claim does not raise a federal issue.  State authorities recorded his calls and the court of common pleas admitted them under 18 Pa.C.S. § 5704(14),[54] not a federal statute. Mr. Uryc did not cite any federal statutes in the post-conviction proceedings.[55] He relied on the Pennsylvania Wiretapping Act.[56] Because his Wiretapping Act claim "is based on purely state law," it is not cognizable on federal *habeas* review.[57]

Mr. Uryc's due process claim is procedurally defaulted.  A *habeas* petitioner "must 'fairly present' his federal claims to the state courts before seeking federal *habeas* relief by invoking 'one complete round of the State's established appellate review process.'"[58] If a petitioner fails "to raise these claims through one complete round of the state court's review, [these claims] are unexhausted."[59] Procedural default occurs when a claim is unexhausted and "there are no additional state remedies available to pursue... or when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule."[60]

Mr. Uryc did not raise this due process claim on direct appeal or during the post-conviction relief proceedings. Because Mr. Uryc did not invoke this claim "through one complete round of the state court's review,"[61] this claim is not exhausted. There are no additional state remedies available for Mr. Uryc to pursue regarding this claim.[62] This ineffective assistance of counsel claim is procedurally defaulted.

6

It is possible to nevertheless overcome procedural default. The petitioner must show either "cause and prejudice," or "a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice."[63] Mr. Uryc provides no grounds for cause to overcome the procedural default of this claim. Because Mr. Uryc cannot establish the cause prong, there is no need to consider the prejudice prong.[64]

A petitioner may establish "a fundamental miscarriage of justice" by asserting an "actual innocence" claim.[65] The Supreme Court "has made it clear that the actual innocence exception to the unreviewability of procedurally defaulted claims should be applied only in the rarest of cases." *Id.* To succeed on an actual innocence claim, the petitioner must present "new reliable evidence… not presented at trial" and show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[66] Mr. Uryc also cannot establish a fundamental miscarriage of justice because he has not made an actual innocence claim, nor has he provided "new reliable evidence" of his innocence.

### 2. Mr. Uryc's claim of ineffective assistance of appellate and post-conviction relief counsel for failing to pursue the Wiretapping Act lacks merit.

Mr. Uryc asserts an ineffective assistance of counsel claim challenging his appellate and post-conviction relief counsels' failure to pursue this wiretapping issue on direct appeal and in his post-conviction relief petition.[67] These claims of ineffective assistance of counsel are meritless.

In his post-conviction relief petition, Mr. Uryc asserted a claim of ineffective assistance of trial counsel for "failing to properly pursue suppression" of the prison tapes.[68] In his appeal from his post-conviction relief petition, he claimed ineffective assistance of his appellate counsel for "failing to appeal the suppression ruling" of the trial court.[69] He also claimed ineffective

7

assistance of post-conviction relief counsel for "refusing to pursue this issue in behalf [*sic*] of appellant in the PCRA proceeding."[70]

Mr. Uryc asserts two ineffective assistance of counsel claims against his appellate and post-conviction relief counsel.  He claims his appellate counsel "should be faulted for failing to pursue this allegation on the direct appeal."[71] He also claims his post-conviction relief counsel "refused to pursue the allegation[.]"[72] He argues "[b]oth PCRA counsel, and appellate counsel, erred in failing to pursue this claim in behalf [*sic*] of petitioner throughout the state court."[73]

Mr. Uryc did not raise this ineffective assistance of *appellate* counsel claim in his post-conviction relief petition, although he raised it on the appeal. Because attorneys from the Lancaster County Public Defender's Office represented Mr. Uryc at both his trial and direct appeal, we consider this appellate counsel claim subsumed in his earlier ineffective assistance of trial counsel claim. This claim is exhausted, and we may examine its merits.

Under the ineffective assistance of counsel standard in *Strickland v. Washington*, the petitioner must show the counsel's actions fell "outside the wide range of professionally competent assistance."[74] The petitioner must also show there is a reasonable possibility the outcome of the underlying proceeding would have been different if not for the counsel's deficient performance.[75] Failing to raise a meritless claim on appeal does not constitute ineffective assistance, as this performance is not deficient and would not have affected the outcome of the proceeding.[76]

Following a suppression hearing, the trial court ruled the evidence admissible under 18 Pa.C.S. § 5704(14), which permits county correctional officials to intercept and record phone calls from inmates.[77] The post-conviction relief court rejected Mr. Uryc's claim of ineffective assistance of trial counsel in his post-conviction relief petition, stating "[t]he admitted

conversations are admissible since they were evidence of the crime and not just conversations about the Defendants [sic] prior offenses."[78] The court held the trial counsel was not ineffective for failing to suppress this evidence.[79] The post-conviction relief court then held on appeal the tapes were admissible under § 5704(14),[80] and noted "for the sake of completeness that the procedures used by prison officials in intercepting the telephone calls satisfied section 5704(14)."[81] The Superior Court found Mr. Uryc's ineffectiveness claim "lacks arguable merit."[82]

Factual determinations of the state court are entitled to a highly deferential presumption of correctness absent clear and convincing evidence to the contrary.[83] The Pennsylvania standard for ineffective assistance of counsel is also not contrary to the *Strickland* standard.[84]

We find the state courts' determinations are not contrary to clearly established federal law or an unreasonable determination of the facts. Section 5704(14) provides "[i]t shall not be unlawful and no prior court approval shall be required for... [a]n investigative officer, a law enforcement officer or employees of a country correctional facility to intercept, record, monitor or divulge any telephone calls from or to an inmate in a facility."[85] The statute also provides "[t]he contents of an intercepted and recorded telephone conversation shall be divulged... in the prosecution or investigation of any crime."[86] Mr. Uryc's recorded conversations were admitted to investigate and prosecute the intimidation counts.[87] This evidence is admissible under the Pennsylvania Wiretapping Act. Because Mr. Uryc's underlying claim of a Wiretapping Act violation lacks merit, he cannot show his appellate counsel was ineffective in choosing not to pursue this claim on direct appeal.

We now turn to Mr. Uryc's claim of ineffective assistance of post-conviction relief counsel. If Mr. Uryc is claiming ineffectiveness of his post-conviction relief counsel in failing to

9

pursue the admissibility issue, then this claim is not cognizable.[88] If Mr. Uryc is claiming ineffectiveness of his post-conviction relief counsel for failing to pursue his trial counsel's ineffectiveness,[89] then this claim is meritless. The trial court properly admitted the phone tapes under the Pennsylvania Wiretapping Act. We have no basis to find Mr. Uryc's trial and post-conviction relief counsel ineffective for failing to pursue a meritless claim.

## C. Mr. Uryc's claim of ineffective assistance of trial counsel for failing to impeach a trial witness either lacks merit or is procedurally defaulted.

Mr. Uryc claims his trial counsel's failing to impeach a key trial witness constitutes ineffective assistance.[90] If this claim is the same as the claim asserted in the post-conviction relief proceedings, it is meritless. If this claim is different from the claim asserted in the post-conviction relief proceedings, it is procedurally defaulted.

In his post-conviction relief petition, Mr. Uryc claimed ineffective assistance of trial counsel for failing to cross-examine the victim with a police detective's email giving an alternate timeline of the abuse.[91] On appeal, Mr. Uryc claimed "PCRA counsel[] refus[ed] to pursue a layered ineffective counsel claim contending that appellate counsel erred in failing to address trial counsel's failure to investigate, and produce as defense witnesses… police officials in charge of retaining a police report that contains information obtained from the victim that contradicts her trial testimony on a critical fact."[92] Mr. Uryc frames his post-conviction relief appeal around his post-conviction relief counsel's "refusal to pursue these allegations in behalf [*sic*] of appellant in the PCRA proceeding below."[93] While Mr. Uryc frames this claim in the post-conviction appeal as a layered ineffective assistance of counsel claim involving his post-conviction relief counsel, his appellate counsel, and his trial counsel, we consider it a reiteration of his ineffective assistance of trial counsel claim from the initial petition.

10

Mr. Uryc now claims ineffective assistance of trial counsel for "failing to investigate, locate, and produce evidence that could have impeached the contended victim on a material fact of great importance."[94] Assuming this ineffective assistance of trial counsel claim for failing to investigate, locate, and produce impeachment evidence is the same as the ineffective assistance of trial counsel claim for failing to cross-examine the victim asserted in the post-conviction relief petition, it is meritless.

Under *Strickland*, the petitioner must show the counsel's actions fell "outside the wide range of professionally competent assistance."[95] The petitioner must also show there is a reasonable possibility the outcome of the underlying proceeding would have been different if not for the counsel's deficient performance.[96] A state court's factual determinations are entitled to a highly deferential presumption of correctness,[97] and Pennsylvania follows an ineffective assistance of counsel standard not contrary to the *Strickland* standard.[98]

The post-conviction relief court held Mr. Uryc's ineffective assistance of trial counsel claim is meritless.[99] The court found "[t]he victim did not write the email therefore the information in the email was not admissible during her cross-examination as an inconsistent statement."[100] The court also stated "trial counsel made a rational decision not to make an issue of her testimony at trial and the email is in fact consistent with the victim's testimony at trial."[101] The Superior Court then found the victim "neither wrote nor signed the note; nor is there any indication that the note was the product of a formal witness examination. For these reasons, the detective's note could not be used to impeach [the victim]."[102] The Superior Court also found the "trial counsel's failure to impeach [the victim] with the detective's summary did not prejudice Uryc."[103] Mr. Uryc's trial counsel tried to impeach the victim with a different inconsistency, but the jury still convicted Mr. Uryc of multiple sexual offenses.[104] The court held "[t]he additional

11

impeachment testimony that Uryc claims should have been used during trial would not have changed this outcome, given the strong evidence of guilt introduced by the Commonwealth[.]"[105]

We find the state courts' determinations are not contrary to clearly established federal law or an unreasonable determination of the facts. Mr. Uryc has not shown the outcome of his trial would have been different had his trial counsel pursued this matter. He points to no other inconsistencies in the victim's testimony, and the impeachment evidence his trial counsel did use did not persuade the jury. The content of the email is also generally consistent with the victim's testimony. The email states the victim reported experiencing abuse between the ages of six and ten, having no memory between the ages of ten and twelve, and experiencing abuse again between the ages of twelve and fifteen.[106] The victim testified at trial she experienced abuse around the ages of five or six, then again around twelve or thirteen, with no memory between the ages of seven and nine.[107] The state courts correctly determined Mr. Uryc's ineffective assistance of trial counsel claim is meritless.

If we alternatively interpret his claim of ineffective assistance of trial counsel as different from the claim asserted in the post-conviction relief petition, it is procedurally defaulted. A petitioner "must 'fairly present' his federal claims to the state courts before seeking federal habeas relief[.]"[108] If a petitioner fails "to raise these claims through one complete round of the state court's review, [these claims] are unexhausted."[109] Procedural default occurs when a claim is unexhausted and "there are no additional state remedies available to pursue[.]"[110]

Mr. Uryc did not present this possibly alternate version of his ineffective assistance of trial counsel claim at any point in the state court proceedings. Because Mr. Uryc did not invoke this claim "through one complete round of the state court's review,"[111] this claim is not exhausted. There are no additional state remedies available for Mr. Uryc to pursue regarding this

claim. This ineffective assistance of trial counsel claim is procedurally defaulted. Mr. Uryc has also provided no grounds to overcome this procedural default.

### D. Mr. Uryc's claims regarding his excessive sentence either lacks merit or is not reviewable.

Mr. Uryc next claims the trial court imposed an excessive sentence in violation of his Fourteenth Amendment due process rights and the Eighth Amendment's prohibition on cruel and unusual punishment.[112] He also claims ineffective assistance of appellate counsel for failing to pursue this claim.[113] To the extent Mr. Uryc is raising this issue as an ineffective assistance of counsel claim, it is meritless. To the extent Mr. Uryc is raising this issue as a straightforward challenge to his sentence, it is not cognizable.

Mr. Uryc's trial counsel filed a post-sentence motion to modify the sentence.[114] The trial court denied the motion.[115] Mr. Uryc did not raise this issue on his direct appeal.[116] In his post-conviction relief petition, Mr. Uryc claimed the trial court gave him an excessive sentence, even "though the sentence was imposed within the statutory maximum limits."[117] He argued the trial court did not properly consider the relevant mitigating factors and improperly focused on "the nature of the offense."[118] He also claimed "appellate counsel should be ruled to have provided ineffective assistance of counsel for failing to pled [sic] this allegation upon the direct appeal of the petitioner."[119] The post-conviction relief court treated this claim as an ineffective assistance of counsel claim, because "a claim regarding the discretionary aspects of his sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA."[120] Mr. Uryc raised this same claim in his appeal from his post-conviction relief petition.[121] The Superior Court treated the claim as a straightforward challenge to his sentence, not as an ineffective assistance of counsel claim.[122]

Mr. Uryc now argues in his *habeas* petition "[c]ounsel failed to argue excessive sentence [*sic*] claim."[123] He argues "appellate counsel is the person to be faulted for failing to address this claim in behalf [*sic*] of petitioner."[124]  This claim lacks merit.

Under *Strickland*, Mr. Uryc must show his counsel's actions fell "outside the wide range of professionally competent assistance."[125] He must also show there is a reasonable possibility the outcome of the underlying proceeding would have been different if not for his counsel's deficient performance.[126] Failing to raise a meritless claim on appeal does not constitute ineffective assistance.[127] A state court's factual determinations are entitled to a highly deferential presumption of correctness,[128] and Pennsylvania follows an ineffective assistance of counsel standard not contrary to the *Strickland* standard.[129]

The post-conviction relief court found the trial court:

> "considered, in detail, the pre-sentence report as well as the sentencing guidelines and penalties authorized. At sentencing, the Court listened to both the comments of the Defendant and his counsel's arguments. Therefore the Court was made aware of and took into consideration numerous factors including the Defendant's work history, education, and criminal history."[130]

The court held appellate counsel "did not err in failing to address the issue in her appeal and the issue is meritless."[131] On appeal, the Superior Court held his straightforward challenge was not cognizable.[132] The Superior Court noted:

> "Even if this claim were cognizable under the PCRA, it is devoid of merit, because the trial court took into consideration not only the seriousness of Uryc's crimes but also his age, intelligence, work history, ability to follow directions, criminal history, and character, as well as the presentence investigation, Uryc's statements, and counsel's arguments."[133]

We find the state courts' determinations are not contrary to clearly established federal law or an unreasonable determination of the facts. The trial court considered the pre-sentence report, sentencing guidelines, trial counsel's arguments, and relevant mitigating factors, and

sentenced Mr. Uryc within the sentencing guidelines.[134] The Superior Court also held this excessive sentence claim lacks merit.[135] His appellate counsel was not ineffective for failing to raise a meritless claim.[136]

Mr. Uryc also claims "the state court failed to provide required Due Process of Law requirements in the sentencing of petitioner.... [and] [t]he sentence imposed should also be ruled as an act of cruel and unusual punishment."[137] Mr. Uryc argues the trial court disregarded the "numerous mitigating factors," and "showed extreme bias and prejudice in the sentencing proceeding."[138] This straightforward challenge to the discretionary aspects of his sentence is not cognizable. "A federal habeas court is not authorized to review the discretionary aspects of a state court sentence."[139] Mr. Uryc cannot assert this claim on federal *habeas* review.[140]

We deny Mr. Uryc's *habeas* petition with prejudice.

### III.   Conclusion

Mr. Uryc raises a variety of evidentiary challenges properly rejected by the Pennsylvania trial and appellate courts.   As he petitions for *habeas* relief without counsel, we can alternatively interpret his arguments but, even under a liberal interpretation, Mr. Uryc's new spin on old claims are procedurally defaulted as not being exhausted in the state court.

---

[1] ECF Doc. No. 7-6, at pp. 90-91.

[2] *Id.* at p. 91.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at p. 92.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at p. 89.

[15] *Id.* at p. 116

[16] *Id.* at p. 152.

[17] *Id.*

[18] ECF Doc. No. 1-1, at p. 1.   On January 31, 2017, we vacated the reference to the Honorable Elizabeth T. Hey for a report and recommendation and elected to directly address Mr. Uryc's claims without a report and recommendation.  ECF Doc. No. 11.

[19] *Id.* at p. 15.

[20] ECF Doc. No. 7-5, at pp. 6-7; ECF Doc. No. 1-1, at p. 16.

[21] ECF Doc. No. 7-5, at p. 7.

[22] *Id.*

[23] *Id.*; ECF Doc. No. 1-1, at p. 16.

[24] ECF Doc. No. 7-5, at p. 8.

[25] *Id.*

[26] *Id.*

---

[27] ECF Doc. No. 1-1, at p. 15.

[28] ECF Doc. No. 7, at pp. 13-14.

[29] 451 U.S. 477, 484-85 (1981).

[30] ECF Doc. No. 7-5, at p. 22.

[31] *Id.*

[32] *Id.* (citing *Montejo v. Louisiana*, 556 U.S. 778, 786-87 (2009)).

[33] *Id.*

[34] *Id.*

[35] *Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000); 28 U.S.C. § 2254(e)(1).

[36] 556 U.S. at 786.

[37] *Id.*

[38] ECF Doc. No. 7-5, at p. 7.

[39] *Id.* at p. 22.

[40] *Id.*

[41] ECF Doc. No. 1-1, at pp. 19-20.

[42] *Id.* at p. 22.

[43] *Id.* at p. 27.

[44] *Id.* at p. 19.

[45] ECF Doc. No. 7-5, at p. 9.

[46] *Id.* at p. 78; ECF Doc. No. 7-6, at pp. 29-31, 44-46.

[47] ECF Doc. No. 1-1, at p. 19.

[48] ECF Doc. No. 7, at p. 15.

[49] *Id.* at p. 10.

[50] 28 U.S.C. § 2254(a); *Ozoroski v. Klem*, No. 04-561, 2004 WL 1446046 at *12 (E.D. Pa. June 28, 2004).

[51] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[52] 18 U.S.C. § 2510 et seq.

[53] ECF Doc. No. 1-1, at p. 19.

[54] ECF Doc. No. 7-6, at p. 98-99. Section 5704(14) permits officials from county correctional facilities to intercept phone calls from and to inmates. *Id.* at 99.

[55] ECF Doc. No. 7-5, at pp. 78-81; ECF Doc. No. 7-6, at pp. 44-46.

[56] ECF Doc. No. 7-5, at pp. 78-81; ECF Doc. No. 7-6, at pp. 44-46.

[57] *Ozoroski*, 2004 WL 1446046 at *12. *See also Romansky v. Blaine*, No. 00-1520, 2008 WL 857757 at *5 (M.D. Pa. Mar. 27, 2008).

[58] *Parker v. Kerestes*, 2011 WL 7444026 at *6 (E.D. Pa Sep. 30, 2011) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1990)).

[59] *Id.*

[60] *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012).

[61] *Parker*, 2011 WL 7444026 at *6.

[62] Mr. Uryc had one year from the date the judgment becomes final to file a petition for post-conviction relief. 42 Pa. C.S.A. § 9545(b)(1). Mr. Uryc's sentence became final on May 29, 2014. ECF Doc. No. 7, at p. 11, no. 8. Mr. Uryc had until May 29, 2015 to file a petition for post-conviction relief. He can no longer file a post-conviction relief petition on this claim.

[63] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (internal citations omitted).

[64] *Smith v. Murray*, 477 U.S. 527, 533 (1986).

[65] *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004).

[66] *Id.* at 340 (internal citations omitted).

[67] ECF Doc. No. 1-1, at p. 27.

[68] ECF Doc. No. 7-5, at p. 78.

[69] ECF Doc. No. 7-6, at p. 44.

[70] *Id.*

[71] ECF Doc. No. 1-1, at p. 27.

[72] *Id.*

[73] ECF. Doc. No. 1-1, at p. 27.

[74] *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

[75] *Lewis v. Horn*, 581 F.3d 92, 106-107 (3d Cir. 2009).

[76] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004).

[77] ECF Doc. No. 7-6, at pp. 98-99.

[78] ECF Doc. No. 7-5, at p. 131.

[79] *Id.*

[80] ECF Doc. No. 7-6, at pp. 98-99.

[81] *Id.* at p. 100, n. 6.

[82] *Id.* at p. 99.

[83] *Weeks*, 219 F.3d at 257; 28 U.S.C. § 2254(e)(1).

[84] *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000).

[85] 18 Pa.C.S. § 5704(14).

[86] *Id.* at § 5704(14)(i)(C).

[87] ECF Doc. No. 7-5, at p. 131.

[88] 28 U.S.C. § 2254(i) states "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). In *Coleman v. Thompson*, the United States Supreme Court held "[t]here is no constitutional right to an attorney in state post-conviction proceedings." 111 S. Ct. 2546, 2566 (1991). Because Mr. Uryc had no constitutional right to counsel in the initial-review collateral proceeding, he cannot claim ineffective assistance of his post-conviction relief counsel on federal habeas review.

[89] *Martinez v. Ryan*, 566 U.S. 1, 8-12 (2012).

[90] ECF Doc. No. 1-1, at p. 30.

[91] ECF Doc. No. 7-5, at pp. 85-87.

[92] ECF Doc. No. 7-6, at pp. 46-47.

[93] *Id*. at 47.

[94] ECF Doc. No. 1-1, at p. 30.

[95] *Strickland*, 466 U.S. at 690.

[96] *Lewis*, 581 F.3d at 106-107.

[97] *Weeks*, 219 F.3d at 257; 28 U.S.C. § 2254(e)(1).

[98] *Werts*, 228 F.3d at 203.

[99] ECF Doc. No. 7-5, at p. 132.

[100] *Id*.

[101] *Id*.

[102] ECF Doc. No. 7-6, at pp. 101-102.

[103] *Id*. at p. 102.

[104] *Id*.

[105] *Id*.

[106] ECF Doc. No. 7-5, at p. 107.

[107] ECF Doc. No. 7-2, at pp. 35-36.

[108] *Parker*, 2011 WL 7444026 at *6 (citing *O'Sullivan*, 526 U.S. at 845).

[109] *Id.*

[110] *Rolan*, 680 F.3d at 317.

[111] *Parker*, 2011 WL 7444026 at *6.

[112] ECF Doc. No. 1-1, at p. 40.

[113] *Id.* at p. 9.

[114] ECF Doc. No. 7-4, at p. 88.

[115] *Id.* at p. 95.

[116] *Id.* at p. 125.

[117] ECF Doc. No. 7-5, at pp. 91-92.

[118] *Id.*

[119] *Id.* at p. 94.

[120] *Id.* at p. 133.

[121] ECF Doc. No. 7-6, at pp. 57-60.

[122] *Id.* at p. 106.

[123] ECF Doc. No. 1-1, at p. 9.

[124] *Id.* at p. 47.

[125] *Strickland*, 466 U.S. at 690.

[126] *Lewis*, 581 F.3d at 106-107.

[127] *Singletary*, 89 F. App'x at 794.

[128] *Weeks*, 219 F.3d at 257; 28 U.S.C. § 2254(e)(1).

[129] *Werts*, 228 F.3d at 203.

[130] ECF Doc. No. 7-5, at p. 133.

[131] *Id.*

[132] "Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." ECF Doc. No. 7-6, at p. 106.

[133] *Id.* at n. 8.

[134] ECF Doc. No. 7-5, at p. 133, 92.

[135] ECF Doc. No. 7-6, at p. 106, n. 8.

[136] *Ryals v. Pa.*, No. 14-2467, 2015 WL 2446638 at *8 (E.D. Pa. May 15, 2015).

[137] ECF Doc. No. 1-1, at p. 40.

[138] *Id.* at p. 44.

[139] *Rivera v. Goode*, 540 F. Supp. 2d 582, 601 (E.D. Pa. 2008). *See also Ryals*, 2015 WL 2446638 at *8.

[140] Even if this claim were cognizable, it is meritless. The Superior Court already heard and rejected this claim. We find the Superior Court's determination is correct.